[J-16-2020] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 23 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered December |
| | : | 29, 2017 at No. 1357 WDA 2016, |
| v. | : | reversing the Order of the Court of |
| | : | Common Pleas of Cameron County |
| | : | entered August 19, 2016 at No. CP- |
| KAITLYN N. WOLFEL, | : | 12-CR-0000040-2015 and |
| | : | remanding. |
| Appellant | : | |
| | : | SUBMITTED: April 16, 2020 |

**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: JULY 21, 2020**

I respectfully dissent because I disagree with the Majority's holding "that the Commonwealth waived its challenge to [a]ppellant's failure to raise a claim under Article I, Section 8, by failing to challenge the suppression court's explicit invocation of that provision before the Superior Court." Majority Opinion, slip op. at 9. I would instead hold the Commonwealth preserved its "good faith exception" argument, *see United States v. Leon*, 468 U.S. 897 (1984) (Fourth Amendment does not require exclusion of evidence where officer conducts search upon good faith reliance the search was constitutional), at each level of proceedings below.

Beginning at the suppression hearing, the Commonwealth contended appellant's blood test results should not be suppressed, notwithstanding *Birchfield v. North Dakota*, ___ U.S ___, 136 S.Ct. 2160 (2016) (consent to warrantless blood testing invalid for purposes of Fourth Amendment if obtained on pain of criminal consequences), because

the "trooper was proceeding according to his training doing what he would have been trained was required, acting totally in good faith."  N.T., 8/12/2016 at 21-22.  The Commonwealth continued, "the exclusionary rule should not be applied in a case like this. There's no point to it.  It does not deter improper police conduct when it's applied retroactively" and "it would not be appropriate to suppress this evidence at this stage."  *Id.* at 22.  The Commonwealth made this good faith exception argument in direct response to appellant's claim suppression of her blood test results was required under *Birchfield*, *i.e.* the Fourth Amendment.  *See* Motion to Suppress, 7/25/2016 at 1, *citing Birchfield*.

Nevertheless, the suppression court granted appellant's motion to suppress, which was specifically based on the Fourth Amendment, and supported its decision with "reasons stated on the record[.]"  Suppression Order, 8/19/2016 at 1.  Moreover, the suppression court's "reasons" could not have included Article I, Section 8 since there were no references to Article I, Section 8 at the suppression hearing.  *See* N.T., 8/12/2016 at 3-29.  Only after the Commonwealth filed its notice of appeal and Pa.R.A.P. 1925(b) statement, in which it renewed its good faith exception argument, did the suppression court invoke Article I, Section 8 in its Pa.R.A.P. 1925(a) opinion as support for its decision. *See* Suppression Court Op., 2/21/2017 at 3.[1]

The Majority finds the Commonwealth failed to challenge this "explicit invocation of [Article I, Section 8] before the Superior Court."  Majority Opinion, slip op. at 9.  In my view, the following passage from the Commonwealth's Superior Court brief makes it evident the Commonwealth objected to any insertion of Article I, Section 8 into the case:

---

[1] As recognized by Justice Wecht, the suppression court failed to comply with Pa.R.Crim.P. 581(I) by failing to state its findings of facts and conclusions of law on the record when it granted appellant's motion and did not file its Rule 1925(a) opinion until six months later; both failures hindered the Commonwealth's ability to properly challenge the suppression court's invocation of Article I, Section 8 until the filing of its Superior Court brief.  *See* Concurring Opinion, slip op. at 2-3.

> At the risk of stating the obvious, *Birchfield* was decided solely on the basis of federal Fourth Amendment jurisprudence and Article I, Section 8 of the Pennsylvania Constitution played no part in the decision. It should also be noted that [appellant] couched her suppression motion solely as a *Birchfield* issue. **The Commonwealth therefore submits that interjection of Article I, Section 8 analysis and authority into this matter is unwarranted** and this case should instead be viewed through the lens of the Fourth Amendment and its related caselaw.

Commonwealth's Superior Court Brief at 14 (emphasis added). Thus, I have no difficulty concluding the Commonwealth preserved its challenge to the suppression court's "explicit invocation" of Article I, Section 8, and would affirm the Superior Court's determination that appellant failed to seek suppression under Article I, Section 8.[2] Under the circumstances, I would hold the Fourth Amendment's good faith exception to the exclusionary rule applied.

---

[2] The Majority instead penalizes the Commonwealth for making a "broad-based" argument to the Superior Court "that *Birchfield* violations do not implicate Pennsylvania's variant of the exclusionary rule[.]" Majority Opinion, slip op. at 10 n.6. In doing so, however, the Commonwealth clearly distinguished the Fourth Amendment, the exclusionary rule, and its good faith exception from Article I, Section 8, which does not recognize such an exception. In my view, our case law supports a finding that arguments distinguishing the Fourth Amendment from Article I, Section 8 are sufficient to preserve the claim. In *Commonwealth v. Bishop*, 217 A.3d 833 (Pa. 2019), this Court held a defendant must distinguish Article I, Section 9 from the Fifth Amendment to preserve his claim for additional protection under the state charter. *Id.* at 841. The same should be true when the Commonwealth contends additional protections should not apply. Thus, in making its "broad-based" claim, the Commonwealth distinguished between the Fourth Amendment and Article I, Section 8 and preserved its claim that "interjection of Article I, Section 8 . . . is unwarranted." Commonwealth's Superior Court Brief at 14.